**ZHI GUO LI, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

No. 07–1383–ag.

United States Court of Appeals, Second Circuit.

Jan. 8, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

Zhi Guo Li, New York, NY, pro se.

Peter D. Keisler, Assistant Attorney General, Civil Division; Linda S. Wernery, Assistant Director; Daniel Glenn Lonergan, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

Present: DENNIS JACOBS, Chief Judge, CHESTER J. STRAUB, and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Zhi Guo Li, a native and citizen of the People's Republic of China, seeks review of a March 8, 2007 order of the BIA affirming the June 28, 2005 decision of Immigration Judge ("IJ") Noel Ann Brennan, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhi Guo Li*, No. A78 746 811 (B.I.A. Mar. 8, 2007), *aff'g* No. A78 746 811 (Immig. Ct. N.Y. City Jun. 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Iouri v. Ashcroft*, 487 F.3d 76, 81 (2d Cir.2007) (citing section 1252(b)(4)(B)).

We find that the agency's adverse credibility finding is supported by substantial evidence. First, The IJ emphasized in her decision that she "had the opportunity to observe [Li's] demeanor throughout his testimony," and that "[h]is manner was hesitant ... evasive and unconvincing." We give particular deference to the factfinder's evaluation of a petitioner's demeanor. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir.2005).

Second, the IJ properly relied on numerous inconsistencies in the record, including that (1) Li made no mention of any arrests in his asylum application but testified that his father had been arrested when the officials came to their family's bookstore for the second time; and (2) Li testified that Chinese authorities had issued a summons after he escaped the alleged altercation with the Chinese authorities, but he omitted this detail from his asylum application. To form the basis of an adverse credibility determination, a discrepancy must be "substantial" when measured against the record as a whole. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308–09 (2d Cir.2003). These inconsistencies were "substantial" and went to the heart of Li's claim because they cast doubt on whether anyone in his family was arrested, or whether the authorities are in fact searching for Li in China.

The IJ also noted a number of less dramatic inconsistencies concerning when Li's brother was married, how much schooling Li had, and what type of work he

had done in China. We have held that "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) (internal citations and quotation marks omitted). Therefore, the IJ's reliance on these discrepancies in making her adverse credibility finding was proper.

The IJ also indicated that she found a number of Li's allegations to be implausible, such as that: 1) Li's father displayed Falun Gong books in the front room of his store two years after the well-publicized Government crack down began; 2) Li's father was released after only a couple of days after being arrested for selling Falun Gong books, an offense usually punished with re-education camp; and 3) the Chinese government renewed Li's father's business license shortly after arresting him for selling Falun Gong books in his store. We have held that we will accord deference to the agency's implausibility finding "[s]o long as an inferential leap is tethered to the evidentiary record." *Siewe v. Gonzales,* 480 F.3d 160, 169 (2d Cir. 2007). Here, the IJ based her finding on the State Department Reports that she considered to document "[t]he torture of Falun Gong practitioners and those to whom Falun Gong practice or interest was imputed." Because the agency's implausibility findings were based on information in the State Department Report, and therefore "tethered to the record," they were proper. *Id.*

Finally, because Li bases his claims for withholding of removal and CAT relief on the same factual predicate as his asylum claim which the IJ found to lack credibility, his withholding of removal and CAT claims necessarily fail. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't. of Justice,* 426 F.3d 520, 523 (2d Cir.2005); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioner's pending motion for a stay of removal in this petition is DENIED as moot.